UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:26-cv-00341

**Martin B. Garcia, Jr.,**
*Plaintiff,*
v.
**Buxton Marine Sales, L.P., et al.,**
*Defendants.*

# ORDER

Plaintiff, proceeding pro se, filed his first amended complaint in federal court, alleging claims for: (1) violation of the Magnuson-Moss Warranty Act; (2) breach of express warranty; (3) breach of the implied warranty of merchantability; (4) negligence; (5) violations of the Texas Deceptive Trade Practices Act (DTPA); and (6) negligent misrepresentation (pleaded in the alternative). Doc. 8 at 22–48. Thereafter, defendants Nautique Boat Company, Inc., and Buxton Marine Sales, L.P., filed a motion to partially dismiss plaintiff's amended complaint. Doc. 13. The magistrate judge issued a report recommending that the court grant that motion in part. Doc. 17 at 14. Specifically, the magistrate judge recommended that the motion be denied as to plaintiff's claims for breach of express warranty and breach of implied warranty, and granted as to plaintiff's claims for violations of the DTPA, negligent misrepresentation, and negligence. *Id.* at 14–15. The magistrate judge further recommended that plaintiff be granted leave to amend. *Id.* at 15. Plaintiff timely objected to the report. Doc. 23.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass*

- 1 -

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff has two objections: (1) dismissing the claims with prejudice cannot be reconciled with the report's recommendation that leave to amend should be granted and (2) plaintiff's DTPA claim should not be dismissed in full. Doc. 23 at 2, 5. As to his first objection, plaintiff seeks to file an amended complaint regarding his DTPA, negligent misrepresentation, and negligence claims. *Id.* at 5. Considering the magistrate judge recommended granting leave to amend, the objection restates the report. Doc. 17 at 15. Accordingly, plaintiff's first objection is improper. As to his second objection, plaintiff may specifically address his DTPA theory in his amended complaint as well.

Having reviewed the report, the court accepts the its findings and recommendations. Defendants' partial motion to dismiss (Doc. 13) is granted-in-part and denied-in-part. Plaintiff is granted leave to amend. Plaintiff shall file his amended complaint within fourteen days of this order. Upon the filing of plaintiff's amended complaint, defendants shall file a responsive pleading in accordance with the Federal Rules of Civil Procedure.

*So ordered by the court on July 20, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 2 -